Ruffin, C. J.
 

 The facts here make a flagrant case of oppression and fraud, and the recurrence of many such
 
 *417
 
 would form a strong ground of appeal to tbe Legislature to alter the terms in which the sureties of a sheriff become bound for him, or to provide some other fit protection from such imposition on ignorant men in custody. But, however gross the wrong may be, or however otherwise the sheriff may be liable to answer for it, we believe the relator cannot have the redress he seeks on the sheriff’s official bond. The question was remarkably well argued at the bar, and all the cases and reasons bearing upon it adduced. It was principally and ingeniously insisted on the part of the plaintiff, that the relation between the sheriff and his sureties, by reason of the pri-vity of contract in the bond, was the same, or much the same with that between the sheriff and his deputy; and it was thence inferred, that the sureties are liable for the sheriff in every instance in which the sheriff would be liable for the same act or omission of his deputy. Cases were then cited, in which the sheriff was held answerable for almost every thing that a bailiff could do' under a warrant to him, or while he held it: as for taking the property of A. under an execution against that of B.; for money received from the debtor on service of the writ to pay the debt; for false imprisonment by the bailiff in taking the body of a debtor, after selling his property on
 
 Eiji.fa,
 
 and putting him in gaol; for cruelly misusing a prisoner and assaulting him, and others the like mis-feazances. The propriety of the rule, on which the sheriff is held responsible for the acts of his under sheriff or bailiff, under color, or even pretence of a writ placed in his hands by the superior, which the possession of the writ enables him in some degree to accomplish, is not at all doubted by the court; though in some cases it seems to have been carried to an extreme beyond what one could have expected, as in holding the sheriff liable for the wanton and wilful trespass of the bailiff in arresting a debtor on a
 
 fieri facias.
 
 But the rule is founded on its necessity, and a principle of public policy, and may be
 
 *418
 
 made as broad as those purposes require, when any proper occasion for its application shall arise. It is otherwise howeyer, as between the sheriff and his sureties. The latter are liable upon a contract expressed in definite term's, and their liability cannot be carried beyond the fair meaning of those terms. Those required by the statute and contained in this bond are, that the sheriff will execute and due return make of all process to him directed; that he will pay and satisfy all fees and sums of money, by him received, or levied by virtue of any process, into the proper office, into which the same, by the tenor thereof, ought to be paid, or tq the person to whom the same shall be due; and in all other things will truly and faithfully execute the office of sheriff. It seems to us quite clear upon the terms
 
 perse
 
 and upon previous adjudications on them, that the present case does not come within any of them. There has been no failure to execute and return process here. The clause for the payment of money received or levied, is obviously restricted to money thus received or levied under, qnd by virtue of process commanding the sheriff to make the money, because it requires that he shall pay it into the office or to the person, to whom, by the tenor thereof, that is, of the writ, it ought to be paid, or may be due. Here he had no such writ or process, and the money was received wholly without authority of Jaw, except the authority which was derived from the contract of the parties. The remaining provision only binds the officer affirmatively to the faithful execution of the duties of his office. It is thus seen that there is no clause to cover the case, of an abuse or usurpation of power. There are no negative words, that, the sheriff will commit no wrong by color of his office, nor do any thing not authorised by law. In many cases, therefore, it has been held, that the sheriff’s sureties were not liable for the sheriff, when he undoubtedly would be for his deputy. As familiar instances, the following may ha
 
 *419
 
 mentioned. For the defaults of the deputy in not returning, or making a false return, of a writ, the superior is answerable in fines, amercements, and penalties at common law. But it was not so with respect to the sureties , and it required the express enactment of the statute of 1829 to make them liable on the bond. So, if a sheriff collect taxes not duly laid, or for a year when the duty of collection belonged to another person, as former sheriff the sureties cannot be made responsible.
 
 Fitts
 
 v.
 
 Hawkins, 2
 
 Hawk’s 394.
 
 Slade
 
 v.
 
 The Governor, 3
 
 Dev. 365
 
 Dudly
 
 v. Oliver, 5.
 
 Ire.
 
 227 ; yet there can be no question that in either of those cases the sheriff would be bound to make good any sums 'collected by his deputy as taxes. So again, it was repeatedly decided before the act of 1818, that the sureties of a constable were liable to make good such money as he had authority to receive, and not liable for such"as he had no lawful warrant to receive, nor the debtor bound to pay him, that is, when the constable had no execution. The same law still holds in respect to money received by a sheriff on a writ, in discharge of the debt sued for, as we have been obliged to hold at this term in the
 
 State ex Rel. Ellis
 
 v
 
 Long, and others,
 
 on the same bond now sued on. Yet one of the cases cited for the plaintiff decides, that the sheriff would be liable for such money, if received under lik e circumstances by his deputy.
 

 With regard to the false imprisonment by a sheriff, or a battery by him on a prisoner, we know of no case deciding, that the sureties could not be reached, but we have never heard it supposed that they could, and we believe there is no such impression in the profession. Applying these principles to the present case, it seems to us the action cannot be sustained If it be looked at as a contract between a defendant in custody and the sheriff, that the latter shall become bail, as in our law he does, by not taking and returning sufficient- bail, and the debtor will indemnify him, for thus becoming bail, by a deposit, the
 
 *420
 
 sheriff’s sureties cannot be bound for the return of the deposit, although they may be liable to the plaintiff in the action for his recovery against the sheriff as bail. As between the debtor and the sheriff, the contract is merely personal and in their natural capacities, as if the indemnity had been in the form of a mortgage of specific property; in which case we think clearly, that the sureties could not be held bound for a slave, for instance, if the sheriff should sell it. But no doubt, if the writ had been served by a deputy sheriff, who did not take bail, but received a deposit or mortgage by way of indemnity, that the sheriff would thereby become the bail and consequently be entitled to the benefit of the indemnity, and responsible for it. But we think the plaintiff has a right to consider this, not as a case of a voluntary contract between persons in
 
 equali jure,
 
 but as one imposed on him, which he was compelled to enter into
 
 by
 
 the power of the sheriff over him, while in custody, and afterwards felt himself obliged to comply with. He might justly treat it, therefore, if it would advance his case, as an undue and oppressive use of the sheriff’s power, illegally to obtain his property from him. But in doing so, it does not appear to us, that he makes out a case for damages for which the sheriff's bond is a security; because no one of
 
 its
 
 provisions fairly cover it, judging either from its terms in themselves, or from prior constructions of them.
 

 Per Cueiam. Judgment reversed and
 
 venire de novo,