Nash, J.
 

 We entirely concur with his Honor ' who tried the case below. And, while we confirm his judgment, must be permitted to express our own regret, that the obligations into which our ministerial officers enter upon taking office, are so insufficient to the security of the public. The defendant is sued as surety upon the official bond of Richard W. Long, as sheriff of Rowan County; and the only question submitted to us is, do the facts set forth in the case agreed amount to a breach. — > We are constrained to say that they do not$ and although we admit, that a gross and palpable act of violence and oppression has been perpetrated on the relator by the sheriff, we cannot say it is within the bond. The conditions of the sheriff’s bond are prescribed by the Act of Assembly, Rev. Stat. ch. 109, sec. 13, and are as follows; “ The condition of the above obligation is such, that, &c. —if therefore, the said- shall well and duly execute and make return of all process and precepts to him directed, and pay and satisfy all fees and sums of money, by him received or levied by virtue of any process, into the proper office, into which the same, by the tenor thereof, ought to be paid, or to the person or persons to whom the same shall be due, &c., and in all other things, well, truly, and faithfully execute
 
 the said office
 
 of sheriff, then,” &c. It is under the last condition this action is brought. Was Richard W. Long executing the office of
 
 *144
 
 1 sheriffin seizing the segars of the relator ? Very clearly not. He was indeed professing to do what alone a sheriff can do ; but what no sheriff has a right to do — committing a simple trespass. The Revenue Act of 1836, Rev. Stat. ch. 102, sec. 10, imposes a tax of $25 on every person, who shall peddle in any County of the State “ any goods, wares, or merchandise, not of the growth of this State.” The segars in question were manufactured in this State and of this the sheriff was fully informed, and he therefore knew they were not the subject of taxation. This was not executing the office of sheriff; it was violating it in a most flagrant manner, and perverting it to an instrument of wrong and violence. If he had been willing to execute his office truly and faithfully, he would have abstained from taking the property. We have not been able to find any case in which the sureties of a sheriff have been held responsible, for a trespass committed by their principal, and we have looked with much care. The books are full of cases, where sheriffs have under an execution against one man taken the goods of another ; but in no instance have the sureties been held responsible. The latter are here sued upon an express contract, and their liability is confined to it and cannot be carried beyond its proper and fair meaning. The principles governing this case were fully discussed in the
 
 State
 
 v.
 
 Long,
 
 8 Ired. 415. The Court then decided that the provision in the sheriff’s bond we are now considering, “binds the officer affirmatively to the faithful execution of his office — there is no clause to cover the case of an abuse or usurpation of power — no negative words, that he will commit no wrong by color of his office, nor do anything not authorised by law.” This fully and entirely meets this case.
 

 We see no error committed by the Judge below in admitting the testimony, and agree with him that the plaintiff upon it cannot maintain his action.
 

 Per Curiam. Judgment affirmed.