WINBORNE & BROTHER v. J. S. MITCHELL, SHERIFF, et al.

*Bail—Escape—Damages—Sheriff.*

1. Insolvency of the principal is no defence to an action against the bail; nor can a Sheriff, when sued as bail, show in mitigation of damages such insolvency.
2. A Sheriff having permitted one arrested by him upon *mesne* process in a civil action, to go into an adjoining room, from which he escaped, was guilty of an escape and subjected himself to the liability as bail. *The Code*, §§ 299, 313.

This is a MOTION in the cause to subject J. S. Mitchell, a Sheriff, to liability as special bail by reason of the escape of the defendant, who had been arrested upon *mesne* process in this action, heard at Fall Term, 1891, of HYDE Superior Court, *Brown, J.*, presiding. The defendants appealed.

*Mr. B. B. Winborne* (by brief), for plaintiff.
No counsel, *contra.*

SHEPHERD, J.: It appears, from the testimony of the deputy, that after making the arrest he permitted the defendant to go into his bedroom, from which the defendant escaped by a back door and has never been recaptured. This surely

amounted to an escape in the eye of the law, and brings the Sheriff within *The Code*, § 313, which provides that, " If, after being arrested, the defendant escape, or be rescued, or bail be not given or justified, or a deposit be not made instead thereof, the Sheriff shall himself be liable as bail," &c.

The obligation of bail is, " that the defendant shall at all times render himself amenable to the process of the Court during the pendency of the action, and to such as may be issued to enforce the judgment therein." *The Code*, § 299.

The foregoing provisions are also to be found, *ipsissimis verbis,* in the Code of New York, and it is there held that the insolvency of the debtor is no defense to an action against the bail. In *Metcalf* v. *Stryker,* 31 N. Y., 255, it is said " that it does not enter into the engagement of bail that they shall be relieved if the debtor is unable to pay the debt. On the contrary, the engagement is to produce the body of the principal so as to be amenable to process, or, in default thereof, to pay the judgment. * * * * It would virtually repeal the statute which allows of the arrest of the defendant in certain cases, to hold that the Sheriff might assume the right to release from imprisonment any who, in his judgment, he should consider insolvent, and to excuse him from paying damages for that act on proof that the debtor was unable to pay." Mr. Murfree, in his work on Sheriffs (section 191), in discussing the same statute, says, " that when the Sheriff is sued *as bail* he cannot give in evidence, in mitigation of damages, the defendant's insolvency." Accepting these authorities as a correct interpretation of our law upon the subject, we are unable to see how his Honor could, in this case, have adopted any other rule as to damages than the amount of the judgment recovered by the plaintiff. Even if insolvency could be considered in mitigation, it would be incumbent upon the Sheriff to show that it was of such a character as to have prevented the collection of the judgment. So far from showing this, we are informed by his

own witness that, while the defendant was insolvent, "he had property enough to pay several hundred dollars."

We can see no error in the rulings excepted to, and the judgment must therefore be

Affirmed.