State on the Relation of W. WARREN v. NATHAN BOYD, Constable, et als.

*Action for False Imprisonment—Action on Constable's Bond—Arrest Without Warrant—Demurrer—Pleading.*

1. An irregularity, such as want of registration, will not invalidate a constable's bond, and, if such irregularity existed, it cannot be objected to by a demurrer to a complaint in an action on the bond, but must be set up in the answer.

2. Under section 1883 of *The Code* the official bond of a constable is liable for the false imprisonment of a person by a constable, as such, without process or color thereof.

3. An allegation in a complaint in an action on a constable's official bond that he, "acting as constable and under color of his office," illegally arrested and imprisoned the plaintiff, is sufficient to place the bond within the liability of section 1883 of *The Code*, notwithstanding it does not allege that the bond contained any condition other than for the faithful discharge of all the duties devolving upon the constable as such.

CIVIL ACTION by the State on the relation of William Warren against Nathan Boyd, Constable, and the sureties on his official bond, for false imprisonment, tried before *Robinson, J.*, at Fall Term, 1896, of EDGECOMBE Superior Court, on complaint and demurrer.

The complaint was as follows:

The plaintiff alleges:—

1. That the general election held in and for the County of Edgecombe, State of North Carolina, on the first Tuesday in November, 1892, the defendant, Nathan Boyd, was duly elected Constable in and for the County aforesaid, Township No. 1, for and during the period of two years next ensuing after the first Monday in December of said year. 2. That thereafter, to-wit, on the first Monday of December, 1892, the said Nathan Boyd, executed his official bond as Constable in the penal sum of One Thousand Dollars, with the above named Jno. C. Dancy and Orren James as sureties thereto, payable to the State of North Carolina and conditioned for the "faithful discharge of all duties devolving upon him as such Constable and according to law," which said bond was thereafter duly accepted and approved by the proper authorities.

3. That the said Nathan Boyd thereupon took and subscribed the proper oath of office and entered upon the duties of the said office, and thereafter, to-wit, the 17th day of

December, 1893, acting as Constable in and for the said Township and County, and under color of his said office, arrested the relator herein and imprisoned him in the jail or "lock-up" used for such purposes by the municipal authorities of the town of Princeville, and there confined him forcibly and against his will, from 10 o'clock, A. M., till 5 o'clock, P. M., restraining him of his liberty and subjecting him to hardships, privations, humiliation and disgrace.

4. That the arrest and imprisonment of the relator as aforesaid was without legal process or color thereof and not in due course of law.

5. That the course and conduct of the defendant Boyd, as aforesaid, was in wanton and reckless disregard of the rights of the relator and wholly without excuse or justification in law.

6. That by reason of the said false arrest and imprisonment, the said relator was detained from his business and restrained of his liberty, to his great loss and damage, and in mind, body and reputation has sustained injuries, in all amouting to the sum of One Thousand Dollars.

Therefore, the plaintiff relator demands judgment for the full penalty of said bond, to-wit, One Thousand Dollars, and the costs of this action."

The demurrer was as follows: ·

"The defendants demur to the complaint, that as it appears from the face thereof the complaint does not state facts sufficient to constitute a cause of action.    For that

1. It does not appear that the bond alleged to have been executed was duly proved and registered, and after such registration filed in the office of the Register of Deeds, and that the defendant Boyd took before the Board of County Commissioners the oaths prescribed for public officers, and

also an oath of office in accordance with the provisions of the statute, so as to make it effectual as an official bond.

2. That it does not appear that the alleged arrest and imprisonment of the relator occurred while the alleged official bond was in force, or that the action was brought upon the bond for the year during which the alleged arrest and imprisonment occurred.

3. That it does not appear that the alleged bond contained any clause to cover the case of any abuse or usurpation of power, or that the defendant Boyd would commit no wrong by color of his office or do anything not authorized by law.

4. That it does not appear that the alleged bond contained any other condition than for the "faithful discharge of all duties devolving upon him as such Constable, according to law," and the arrest and imprisonment of relator, as alleged in the complaint, is admitted in paragraph 4 thereof, to have been done by the defendant Boyd "without legal process or color thereof and not in due course of law."

The demurrer was sustained and plaintiff appealed.

*Messrs. Douglass & Holding* and *Gilliam & Gilliam*, for plaintiff (appellant).

*Messrs. Fred. Philips* and *Shepherd & Busbee*, for defendants.

CLARK, J.: The demurrer admits the allegations of the complaint, from which it sufficiently appears that the defendant Boyd was duly elected, qualified and inducted into office and executed his bond, which was accepted and approved by the proper authorities, and that the alleged arrest was within the period for which he was elected. The Code, 2670. An irregularity would not invalidate the bond (the Code, 1891), and, indeed, none could be alleged by the demurrer. Details, such as registration of the bond and simi-

lar matters, are presumed to be regular, and any defect, if material, must be set up in the answer.

The complaint further alleges that Boyd, "acting as constable in and for said township and county, and under color of his office, arrested the relator and imprisoned him," &c., and that such arrest and imprisonment of the relator was "without legal process or color thereof," *i. e.*, was illegal and without authority of law, and "was in wanton and reckless disregard of the rights of the relator," all of which is admitted by the demurrer. Whatever may have been the liability of official bonds for such conduct formerly, the following lines, added to Section 1883 of the Code, by the Code Commissioners, are broad enough to cover this case, to-wit, "every such officer and the sureties on his official bond shall be liable to the person injured for all acts done by said officer by virtue and under color of his office." *Kivett* v. *Young*, 106 N. C., 567; *Joyner* v. *Roberts*, 112 N. C., 111; *Daniel* v. *Grizzard*, 117 N. C., 105.

The allegation that Boyd, "acting as constable and under color of his office," illegally arrested and imprisoned the relator, places the bond within the liability imposed by this addition to the statute. In sustaining the demurrer there was error.