A. F. SOMERS, Deputy Sheriff and Agent of the Bondsmen of T. M. Webb, Sheriff; T. M. WEBB, by H. I. Webb and A. F. Somers, Guardian, and JOSEPH A. DALE, Coroner, v. THE BOARD OF COMMISSIONERS OF BURKE COUNTY and J. W. GARRISON.

(Decided December 20, 1898.)

*Insanity of Sheriff — Deputy Sheriff—Sureties—Tax Collector—Coroner.*

1. The official ascertainment of the insanity of a Sheriff suspends him from office, and terminates the agency of his deputies.

2. His sureties, in that event, have merely the same right which they would have in the event of the Sheriff's death—that is, to collect the current tax list then in his hands; and the County Commissioners on the first Monday in September following are vested with the power of electing a tax collector for the ensuing year, unless and until the Sheriff should be restored to reason.

3. The County Commissioners, under Section 2071 of *The Code*, may declare the office vacant, upon the insanity of the Sheriff, but their failure to do so merely authorizes the Coroner to perform the duties of Sheriff proper, but does not cast upon him the right to collect taxes.

CIVIL ACTION for the tax books of 1898 and to enjoin their delivery to the tax collector, heard before *Coble, J.,* at Fall Term, 1898, of the Superior Court of BURKE County.

T. M. Webb was duly elected Sheriff of Burke County at the Fall election of 1896 and on first Monday in December, 1896, was inducted into office for the term of two years—until December, 1898.

In the Spring of 1898 T. M. Webb, Sheriff, became mentally and physically incapacitated to perform the duties of his office and turned over all his books and business to his deputy, A. F. Somers, and shortly thereafter became imbecile, was taken to the asylum for

treatment and was authoritatively ascertained to be a lunatic, and had guardian appointed for him. A. J. Somers, as deputy sheriff, continued to collect the taxes until first Monday in September, 1898, when the county commissioners took the following action, and spread the same on their minutes:

"Whereas, the Sheriff of Burke County is now insane and confined in the asylum, and has guardian appointed, and so incapacitated from performing the duties of Sheriff, and has so been for some months; and whereas the said Sheriff has not made settlement of the taxes for the years 1895, 1896 and 1897, and is behind thereon some $5,000 and demand has been made and payment refused; now, therefore,

Resolved, by the Board of County Commissioners that a tax collector be appointed for 1898. In voting on said collector, the same being by ballot, J. W. Garrison gets two votes and S. Huffman one; therefore J. W. Garrison is elected and so declared. It is therefore ordered by the board that J. W. Garrison be notified of his election as tax collector for the year 1898 (Burke County) and that upon his filing justified bond in sum of $25,-000 by next meeting of the board (first Monday in October) and approved by board, he be given tax books for said year."

Thereupon, this action was instituted, September 21, 1898.

Upon the hearing, his Honor, upon motion of defendants, gave judgment, as of non-suit, and dismissed the action. Plaintiffs excepted and appealed.

*Messrs. J. T. Perkins* and *E. J. Justice* for plaintiffs (appellants).

*Messrs. A. C. Avery, W. S. Pearson* and *J. M. Mull,* for defendants.

CLARK, J.: Upon the insanity of the Sheriff his right to exercise the office ceased, and his committal to the asylum for the insane and the appointment of a guardian for him, upon the certificate of the Superintendent of the Asylum as provided by .*The Code,* Section 1673, was certainly at least *prima facie* evidence of such insanity. There was no evidence offered to contradict such insanity. Upon the declaration of insanity the sureties of the Sheriff had no more rights than would have gone to them upon his death, *i. e.,* to collect the tax list then in his hands. *Code,* Section 3687; Laws 1897, Chapter 169, Section 117; *Perry* v. *Campbell,* 63 N. C., 257; *McNeill* v. *Somers,* 96 N. C., 467. The commissioners on the first Monday in September were vested with the power of electing a tax collector for the ensuing year, unless and until the Sheriff should be restored to reason. The failure to exhibit the tax receipts on said first Monday in September would have been an additional ground justifying the county commissioners in refusing to give him the new tax books, even if he had been sane, and the sureties would have no right to collect taxes on such new list after his failure to renew his bond, whether such failure was caused by failure to exhibit the required receipts or by his insanity. *Colvord* v. *Commissioners,* 95 N. C., 515; *Code,* Section 2070. The time (December) being changed to September, Laws 1897, Chapter 169, Section 35.

In North Carolina, a Sheriff's deputy is merely his agent (*Railroad* v. *Fisher,* 109 N. C., 1) and such agency terminated upon the official ascertainment of the insanity. Neither Somers, therefore, nor the sure-

ties on the Sheriff's bond have a right of action to compel the commissioners to give them the tax list. The agency could not have been one coupled with an interest, as that is prohibited. *Code*, Section 2084; *Basket v. Morse*, 115 N. C., 448. Upon the *prima facie* ascertainment of the insanity of the Sheriff under Section 1673 or by inquisition of lunacy, the commissioners might have declared the office vacant under Section 2071 of *The Code*, but their failure to do so merely authorized the coroner to perform the duties of Sheriff proper, till such declaration (*Greer* v. *Asheville*, 114 N. C., 678) and did not cast upon him the right to collect the taxes, which went to the Sheriff's bondsmen for the current list and after that, the duty devolved upon a tax collector chosen by the county commissioners. Indeed, the election of a tax collector at the meeting of the county commissioners, supervening upon the appointment of a guardian for the sheriff, under Section 1673 of *The Code*, was *pro tanto* a declaration of a vacancy in the Sheriff's office under Section 2071 to the extent of his duties as tax collector, and their failure to elect a Sheriff to serve process merely left that matter open for future action. *Greer* v. *Asheville, supra.*

No error.