The complaint contains these allegations: R. B. Lane is the sheriff of Craven County. On 3 December, 1926, he executed and delivered to the *Page 547 
commissioners of Craven County an official bond in the sum of $5,000, with the Fidelity and Deposit Company of Maryland, a corporation, as his surety, conditioned that he should "well and faithfully perform all and singular the duties incumbent upon him by reason of his election and appointment as sheriff, except as therein limited, and honestly account for all moneys coming into his hands as sheriff." As sheriff, Lane was charged with and had under his control, management, and direction the jail as provided by law. John Williams was a prisoner, sentenced by the United States District Court for the Eastern District of North Carolina to imprisonment for four months in the county jail, and duly committed to the custody of the sheriff. Williams had previously been convicted and sentenced to terms in jail and on the roads; twice for violation of the Prohibition Law. After he was put in custody under the judgment of the District Court he procured his automobile to be brought into the jail yard; and at various times he was allowed by the sheriff to drive the car about the town and elsewhere during the term of his imprisonment. The sheriff had full knowledge of the use of the car by Williams and of his keeping it in the jail yard, and unlawfully, carelessly, and negligently consented thereto, knowing the criminal disposition and character of the prisoner; he unlawfully and negligently made Williams the jailer's "trusty" and servant, and negligently permitted him while acting as such trusty and servant to go on errands in his car for the jailer, the sheriff, and his deputies. Williams drank excessively of intoxicating liquor. On 15 November, 1928, Williams, while under sentence and in custody of the sheriff, and while acting as a trusty and servant as above set out, and while in an intoxicated condition, drove a Dodge touring car, with the authority and consent of the sheriff, at a high rate of speed upon the highways of the county, and negligently ran into a car driven by the male plaintiff, with whom were his wife and daughter, and seriously injured the plaintiffs.
R. B. Lane and the Fidelity and Deposit Company demurred for the reason that it appears upon the face of the complaint that the action is brought upon the official bond of the sheriff and that the facts alleged do not constitute a breach of any provision of the bond or of any provision which the law imposes under the bond or independently of the bond; and further that the cause of action alleged is too remote to charge the principal or the surety, and that it does not appear that any act of the principal was the proximate cause of the injury complained of, but it does appear that the facts alleged were not the proximate cause.
The demurrer was sustained and leave was granted to amend the complaint. The plaintiffs appealed from the judgment sustaining the demurrer. *Page 548 
The action was instituted by E. L. Sutton and his wife against John Williams, R. B. Lane, sheriff, and the Fidelity and Deposit Company of Maryland; but by leave of court the summons and the complaint were amended and the action was prosecuted on the relation of the State. It was thenceforth treated as a suit against the sheriff and the surety on his official bond. When the demurrers of these two defendants were sustained the plaintiffs made no motion for judgment against Williams, the remaining defendant; so the only matter in controversy is the judgment of the court. The plaintiffs insist that the demurrers should have been overruled.
The defendant Williams was convicted of a crime in the District Court of the United States for the Eastern District of North Carolina, sentenced to imprisonment, and committed to the custody of Sheriff Lane. It was the duty of the officer to receive him and to commit him to the common jail of Craven County. C. S., 1349. The sheriff has the care and custody of the jail in his county and appoints the keeper. C. S., 3944.
At common law if a jailer permitted the escape of a prisoner lawfully committed to his custody the sheriff had to answer for the default. 1 Bl., 346; 1 Hale Pleas of the Crown, 596; 2 Hawk. Pleas of the Crown, ch. 19, sec. 28 et seq. It was so because the jailer was regarded as the sheriff's agent or deputy; and now, as a general rule, subject of course to exceptions, a sheriff is liable for the act or omission of his deputy as he is for his own. S. v. Roane, 24 N.C. 144; Tarkinton v. Hassell, 27 N.C. 359;Hanie v. Penland, 194 N.C. 234. Both the sheriff and the jailer may be liable for an escape. If any person charged with a crime or sentenced by the court upon conviction of any offense is legally committed to a sheriff or jailer and is wilfully or negligently suffered by such officer to escape, the officer so offending, being duly convicted thereof, shall be removed from office and shall be fined or imprisoned, and may be both fined and imprisoned, in the discretion of the court. C. S., 4393.
Considered in its double aspect "escape" is an offense which may be committed by the prisoner or by the officer who has him in custody. Accordingly, the word has been defined as "the unlawful departure of a prisoner from the limits of his custody"; "an unlawful withdrawal from arrest or imprisonment"; "the wrongful liberation of a prisoner or relaxation of his imprisonment through the neglect or malfeasance of the officer in charge." It is effected "when one who is arrested gains his liberty before he is delivered in due course of law." S. v. Johnson, *Page 549 94 N.C. 924; S. v. Ritchie, 107 N.C. 857; Brady v. Hughes, 181 N.C. 234; New International Dictionary; New Standard Dictionary.
The law presupposes that every person committed to jail by due process, unless the judgment or a statute provides otherwise, is to be kept in arctaet salva custodia, in close and safe custody; but according to the allegations of the complaint, which by demurring the defendants admit, the sheriff and the jailer permitted Williams to go at large. In doing so they suffered an escape. Winbourne v. Mitchell, 111 N.C. 13. They cannot justify on the ground that Williams was a "trusty." There is nothing in the record showing the necessity of a relaxation of the law in behalf of these officers; Williams was not released from prison to do public work, as the prisoner was in S. v. Johnson, supra. But even in that event, as the court there held, it would have been their duty to keep Williams in view and under direct control.
The question for decision, however, is whether the sheriff's official bond is liable in damages to the plaintiffs for injury caused by the negligence of Williams while he was permitted to be at large.
The Revisal of 1908, sec. 298, contained a special provision for bonds to be executed by the sheriff of Craven County, but the provision was left out of C. S., 3930. The principal difference is in the penalty of the bonds. C. S., 3930, requires of sheriffs the execution of three bonds: One for the collection and settlement of State taxes; one for the settlement and collection of county and other local taxes; and one for the due execution and return of process, payment of fees and moneys collected, and the faithful execution of the office. This process bond contains the following provision: "The condition of the above obligation is such that, whereas the above-bounden ____________ is elected and appointed sheriff of __________ County; if, therefore, he shall well and truly execute and due return make of all process and precepts to him directed, and pay and satisfy all fees and sums of money by him received or levied by virtue of any process into the proper office into which the same, by the tenor thereof, ought to be paid, or to the person to whom the same shall be due, his executors, administrators, attorneys, or agents; and in all other things well and truly and faithfully execute the said office of sheriff during his continuance therein, then the above obligation to be void; otherwise to remain in full force and effect."
The bond in suit is within the class last named. It does not provide for the collection of taxes, public or private. Its condition is that the "principal shall well and faithfully perform all and singular the duties incumbent upon him by reason of his election or appointment as said sheriff." The statute (C. S., 3930), prescribes substantially this provision for bonds given for the due execution and return of process, etc. It will be observed that the bond sued on contains the latter part, but *Page 550 
not the first part of this condition, namely, that the officer should "well and truly execute and due return make of all process and precepts to him directed," etc. But, notwithstanding a variance in the condition of the bond from the provision prescribed by law, the bond may be put in suit as if the condition had conformed to the provisions of the statute. C. S., 324. It is contended that these provisions are constructively included in the bond and that they limit its scope and bear directly upon the question whether the injury complained of resulted from a breach of the sheriff's official obligation. If an official bond is given for a specific object general words are to be construed with reference to that object. In Eatonv. Kelly, 72 N.C. 110, suit was brought on a bond the conditions of which were substantially the same as those prescribed for the process bond in C. S., 3930, and the Court, holding that the sheriff was not officially responsible, said: "It cannot be contended that the breach complained of comes within the first clause of this condition, which is for the due return of process, and the payment of all moneys collected, to the proper parties. If the breach complained of is covered by the bond at all, it can be only by the broad, comprehensive and general clause, for `truly and faithfully, in all things, performing the duties of sheriff.' There are many decisions on the effect of these words. It may now be considered as settled, that they relate only to the true and faithful performance of the sheriff's duty, in the matters above separately mentioned; that is, in the return of process and the payment of money received by virtue of it, etc. To give to these words the extended signification contended for on the part of the plaintiff, would render unnecessary any other words than these, as comprehending every violation of official duty in the condition of the bond declared on; and would also render it superfluous for the sheriff to give bond for the collection and proper payment of taxes, State or municipal. Every duty of the sheriff might be comprehended in these general words if they were not restricted by those which go before and designate the subject-matter to which these are to apply."
The principle thus stated is upheld in Crumpler v. Governor, 12 N.C. 52;Governor v. Matlock, ibid., 214; S. v. Long, 30 N.C. 415; S. v.Brown, 33 N.C. 141; Prince v. McNeill, 77 N.C. 398. If the principle is available to the defendants under C. S., 324, the general clause in the bond will be limited by the preceding conditions to the execution and return of process and precepts and the payment of money received or levied by virtue of process. In that event the present action of course could not be maintained.
But, without regard to this, there is another view which is fatal to the contention of the plaintiffs. Accepting the condition of the bond as it is written, we are of opinion that it does not impose on the surety an *Page 551 
obligation that the sheriff should do no wrong and should in all respects observe the law. The phrase "performing the duties incumbent upon him by reason of his election or appointment as sheriff" obviously means the duties incumbent upon him in the execution of his office. As said by ChiefJustice Ruffin, in S. v. Long, supra, the sheriff and his surety "are liable upon a contract expressed in definite terms, and their liability cannot be carried beyond the fair meaning of those terms." The general clause "only binds the officer affirmatively to the faithful execution of the duties of his office and does not cover the case of an abuse or usurpation of power. There are no negative words that the sheriff will commit no wrong by color of his office, nor do anything not authorized by law." This construction was afterwards approved in S. v. Brown, supra. From the fact that an officer may be indicted for neglect or refusal to perform a public duty it does not follow that he is liable therefor in a civil action. In South v. Maryland, 18 Howard, 396, 15 Law Ed., 433, an action on the official bond of a sheriff for default in the discharge of a public duty, the Court applied the following principle and denied the plaintiff's alleged right to recover damages: "When the sheriff is punishable by indictment for a misdemeanor, in cases of a breach of some public duty, his sureties are not bound to suffer in his place, or to indemnify individuals for the consequences of such a criminal neglect. It is an undisputed principle of the common law, that for a breach of a public duty, an officer is punishable by indictment; but where he acts ministerially, and is bound to render certain services to individuals, for a compensation in fees or salary, he is liable for acts of misfeasance or nonfeasance to the party who is injured by them." By virtue of our statute, as above stated, a sheriff or jailer allowing a prisoner who is legally committed to escape is subject to indictment, C. S., 4393; and in case of an escape or rescue from arrest in a civil action the official bond of the sheriff may be liable. C. S., 789, 790; McIntosh's N.C. Pr. Procedure, 915.
In this case the official bond of the sheriff is not responsible for the injury suffered by the plaintiffs and the demurrers were properly sustained.
Whether the sheriff is personally liable for injury proximately resulting from the negligence of Williams is a question we are not called upon to decide. The complaint is not specific on the point whether Williams at the time of the injury was on an errand for the jailer or the sheriff; and the allegation that he drove the car with the authority and consent of the sheriff, if construed most strongly against the sheriff, would raise a question only as to his personal liability. An officer may be liable personally although not liable on his bond. Holt v. McLean, 75 N.C. 347. Judgment
Affirmed. *Page 552