JOHN L. DAVIS v. JOHN WHITE MOORE, NATIONAL SURETY CORPORATION OF NEW YORK, CARL BAILEY, EPH PRIVETTE, CHARLIE GILBERT AND R. H. WEBER.

(Filed 19 April, 1939.)

1. **Sheriffs § 6c—Evidence that deputy negligently injured prisoner held sufficient for jury.**

   The evidence tended to show that plaintiff prisoner was in a cell with the door partly open talking to the deputy sheriff in charge of the jail, that the deputy started to close the cell door, that plaintiff's thumb had inadvertently been placed in the door jamb, that plaintiff pushed against the door to release his thumb and told the deputy "Let up, . . . you are cutting my hand off," that thereupon the deputy put his shoulder to the door and pushed it closed, cutting plaintiff's thumb off. *Held:* The evidence, considered in the light most favorable to the plaintiff, is sufficient to be submitted to the jury on the issue of the deputy's negligent injury of plaintiff, and as to the deputy the judgment as of nonsuit, entered in the trial court, is erroneous, C. S., 4407, but the evidence fails to show liability on the part of other deputies of the sheriff, and as to them the judgment as of nonsuit is without error.

2. **Sheriffs § 6b—Evidence held sufficient for jury on issue of sheriff's liability for negligent act of deputy.**

   Where the evidence is sufficient to be submitted to the jury as to the negligence of a deputy in charge of a jail in causing injury to a prisoner in closing the cell door on the prisoner's thumb, it is sufficient to be submitted to the jury as to the liability of the sheriff, since the act of the deputy is within the scope of his authority and in the line of his duty, and the liability of the sheriff for acts of his deputy is governed by the law applicable to the law of principal and agent. C. S., 3944.

3. **Principal and Surety § 5a—**

   Where, in an action against the surety on a sheriff's bond, the bond does not appear in the record it will be presumed that the obligation of the bond conforms to the terms prescribed by the statute. C. S., 3930.

4. **Same—Sheriff's bond held not to cover negligent acts committed in incarcerating prisoner.**

   The liability of the surety on the bond of a public officer is limited by the terms of the bond, and the condition of the bond of a sheriff for the "faithful execution of his office" refers to the specific condition for the "due execution and return of process" and the terms of the statutory bond do not impose liability on the surety for the negligent act of a deputy unconnected with the execution and return of process, C. S., 3930, and the surety's motion to nonsuit is properly granted in a prisoner's action to recover for negligent injury inflicted by a deputy while he was in jail.

APPEAL by plaintiff from *Armstrong, J.,* at September Term, 1938, of ROWAN.

As to defendant National Surety Corporation, and defendants Privette, Gilbert and Weber: Affirmed.

As to defendants Moore and Bailey: Reversed.

Action for damages for personal injury in the loss of a thumb, for. which it is alleged the sheriff of Iredell County, the surety on his official bond, and four of the sheriff's deputies are liable. From judgment of nonsuit as to all defendants, plaintiff appealed.

*J. F. Flowers and Hudson & Hudson for plaintiff.*

*Lewis & Lewis, Charlie Price, and John R. McLaughlin for defendants.*

DEVIN, J. The only question presented by this appeal is whether judgment of nonsuit was properly entered at the close of plaintiff's evidence.

Plaintiff testified that he was arrested and placed in the Iredell County jail on the charge of assaulting his wife, and that he was inside a cell with the door partly open and talking to defendant Bailey, the jailer and deputy sheriff, when the injury complained of occurred. He described the circumstances as follows: "I had both hands extended, fingers up, resting easily against the bars of the jail, in a natural position. When Mr. Bailey finished with his conversation he closed the door, but my right thumb at that moment had inadvertently slipped into the crack where the back of the metal door hinges, and as my thumb was caught I shoved my left leg and left hand out to the front where the door closes, next to Mr. Bailey, and said, 'Let up, Carl, you are cutting my hand off.' Instead of opening the door and looking inside to investigate, he threw his shoulder against the door, and then is when my thumb came off."

Plaintiff also testified that defendants Gilbert and Weber were deputy sheriffs of Iredell County. It was admitted that defendant Moore was the sheriff of Iredell County, and that the defendant National Surety Corporation was surety on the sheriff's official bond.

It is apparent that the evidence, considered in the light most favorable for the plaintiff, is sufficient to warrant its submission to the jury as to the defendant Bailey, and that as to him the motion for judgment of nonsuit was improperly allowed. C. S., 4407. It is also apparent that there is no evidence upon which liability on the part of defendants Privette, Gilbert and Weber can be predicated, and that as to them the judgment of nonsuit was properly entered.

Two other questions remain for decision: (1) Is evidence of negligent injury inflicted on plaintiff by the jailer and deputy sheriff sufficient to impute liability to the defendant Moore, the sheriff of the county? (2) If there is evidence of liability on the part of the sheriff, is the surety on his official bond obligated therefor?

The liability of the sheriff for the acts of his deputy is governed by the law applicable to the relation of principal and agent. *Hanie v. Penland,* 194 N. C., 234, 139 S. E., 380; *Lanier v. Greenville,* 174 N. C., 311, 93 S. E., 850. It was said in *S. v. Roane,* 24 N. C., 144: "As a general rule, he (the sheriff) is liable for the act or omission of his deputy as for his own." *Lyle v. Wilson,* 26 N. C., 226. By statute the sheriff has the care and custody of the jail in his county and appoints the keeper. C. S., 3944. In this case there was evidence tending to show that defendant Bailey, in closing the door of the cell wherein the plaintiff was incarcerated, negligently caused the injury to plaintiff's thumb. The act complained of was done by Bailey while acting within the scope of his authority and in the line of his duty as deputy sheriff in charge of the jail. In *R. R. v. Fisher,* 109 N. C., 1, 13 S. E., 698, this Court said: "A sheriff is liable to answer in damages for any wrongful act of his deputy, done under color of his office, for which the sheriff would have incurred such liability had he done the act himself; and in all such cases he and his deputy are, in contemplation of law, one person." To the same effect is the holding in *Sutton v. Williams,* 199 N. C., 546, 155 S. E., 160; *Styers v. Forsyth County,* 212 N. C., 558 (562), 194 S. E., 305; *Somers v. Commissioners,* 123 N. C., 582, 31 S. E., 873; *Piland v. Taylor,* 113 N. C., 1, 18 S. E., 70; *S. v. Long,* 30 N. C., 415; 57 C. J., 797.

Under the evidence in this case, therefore, it must be held that testimony sufficient to warrant submission of the case to the jury as to defendant Bailey, the deputy sheriff in charge of the jail, would also carry the case to the jury as to defendant Moore, the sheriff, and that as to him also judgment of nonsuit was improperly entered.

However, it does not follow that evidence of liability on the part of the sheriff necessarily involves the surety on his bond. It was said in *Sutton v. Williams, supra:* "An officer may be liable personally although not liable on his bond." The liability of the surety is limited by the terms of the bond. In this case the bond does not appear in the record, but it is admitted that defendant executed the sheriff's process bond of defendant Moore and it is presumed that the obligation of the bond conformed to the terms prescribed by C. S., 3930. The statute provides that the sheriff shall execute a bond payable to the State of North Carolina conditioned for "the due execution and return of process . . . and the faithful execution of his office as sheriff." The terms of the statutory bond do not impose liability for the negligent act of a deputy unconnected with the execution and return of process.

In *Crumpler v. Governor,* 12 N. C., 52, it was held that the words of general obligation in a sheriff's bond, "for the faithful performance of the duty of sheriff," when added to the specific obligation in the bond with respect to process, "can only be construed in subservience to the

specific object which the bond is designed to secure." The same view is expressed in *S. v. Long, supra; S. v. Brown,* 33 N. C., 141; and *Prince v. McNeill,* 77 N. C., 398, and these cases are cited with approval in *Sutton v. Williams,* 199 N. C., 546.

It was held in *Sutton v. Williams, supra,* that the sheriff's statutory bond did not cover liability to others for injury resulting from negligence in permitting an escape, and that the phrase in the bond in that case "performing the duties incumbent upon him by reason of his election as sheriff" meant the duties incumbent upon him in the execution of his office. Said *Adams, J.,* speaking for the Court in that case: "It (the bond) does not impose on the surety an obligation that the sheriff shall do no wrong and should in all respects observe the law." *Eaton v. Kelly,* 72 N. C., 110, and *Holt v. McLean,* 75 N. C., 347, are cited in support of the decision in that case. See, also, 24 R. C. L., 969.

In *State of North Carolina ex rel. Wimmer v. Leonard,* 68 F. (2nd), 228, where recovery against the surety on the sheriff's bond was sought for an injury to the relator when shot and wounded by the sheriff, it was held that the decision in *Sutton v. Williams, supra,* was controlling and precluded recovery against the surety under the general terms contained in the sheriff's process bond.

We think the trial judge in the case at bar correctly ruled that the evidence was insufficient to import liability upon the defendant surety corporation.

For the reasons stated the judgment of nonsuit as to defendant National Surety Corporation, and defendants Privette, Gilbert and Weber is affirmed, and the judgment of nonsuit as to defendants Moore and Bailey is reversed.

As to defendant National Surety Corporation, and defendants Privette, Gilbert and Weber:

Affirmed.

As to defendants Moore and Bailey:

Reversed.