From order of compulsory reference defendants appeal to the Supreme Court, and assign error.

*Geo. H. Smathers and D. L. English for plaintiff, appellee.*
*Lewis P. Hamlin and Ralph H. Ramsey, Jr., for defendant, appellant.*

PER CURIAM. The respective contentions of the parties as disclosed by the pleadings present similar factual situation to that in No. 162 entitled "The Champion Paper & Fibre Co. *v.* H. D. Lee *et al.," ante,* 244. The finding upon which the order of reference is made is the same. As in that case, we find here no error in the order.

The judgment below is

Affirmed.

━━━━━━━

STATE OF NORTH CAROLINA AND BOARD OF COUNTY COMMISSION-
ERS OF RUTHERFORD COUNTY, ON RELATION OF STELLA HAMP-
TON, v. J. CAL WILLIAMS. SHERIFF OF RUTHERFORD COUNTY:
HORACE NEALON, DEPUTY SHERIFF AND JAILER OF RUTHERFORD
COUNTY, AND THE FIDELITY AND CASUALTY COMPANY OF NEW
YORK, INC.

(Filed 27 September, 1939.)

APPEAL by plaintiffs from *Rousseau, J.,* at February Regular Term, 1939, of RUTHERFORD. Affirmed.

This is a tort action brought by plaintiff against the defendants, J. Cal Williams, sheriff of Rutherford County, Horace Nealon, deputy sheriff and jailer of Rutherford County, and the Fidelity and Casualty Company of New York, Inc.

The defendant Surety Company demurred to the complaint as follows: "(1) That the complaint upon its face fails to state and allege a cause of action against the said defendant. (2) That the plaintiff in the complaint attempts to assert a cause of action against the defendant, the Fidelity & Casualty Company of New York, on account of the alleged wrongful and criminal conduct of Horace Nealon, a deputy sheriff appointed by J. Cal Williams, sheriff of Rutherford County, and attempts to assert a cause of action against said defendant by virtue of the liability created under Policy No. 1576124, a copy of which is attached to the complaint, but this demurring defendant avers that said bond creates no liability on account of the wrongful and criminal conduct of either its principal, J. Cal Williams, or his deputy, Horace Nealon. (3) That if the defendant, Horace Nealon, committed the

crime referred to and described in the complaint, this demurring defendant, the Fidelity & Casualty Company of New York, Inc., is not liable to the plaintiff on account thereof under the terms of the official bond which it executed for J. Cal Williams, sheriff of Rutherford County, copy of which is attached to the complaint in this cause."

The judgment of the court below is as follows: "This cause coming on to be heard, and being heard before his Honor, J. A. Rousseau, Judge presiding at the February Term, 1939, of the Superior Court of Rutherford County, upon the demurrer herein filed by the defendant, the Fidelity & Casualty Company of New York, Inc., and upon consideration of said demurrer and the argument of counsel, the court being of opinion that the complaint does not allege a cause of action against said defendant, and for that reason defendant is entitled to have the demurrer sustained: It is therefore considered and adjudged by the court that the demurrer filed by said defendant, the Fidelity & Casualty Company of New York, Inc., be and the same is hereby sustained, and as to said defendant the action is dismissed.   J. A. Rousseau, Judge Presiding."

The plaintiff appealed to the Supreme Court and makes as her only assignment of error the signing of the judgment appearing in the record.

*Jake F. Newell, John A. McRae, and B. F. Wellons for plaintiff.*
*Johnson & Uzzell for defendant, the Fidelity & Casualty Company of New York, Inc.*

PER CURIAM.   We do not think the Surety bond covers the tort complained of by plaintiffs.   The present case is governed by *Davis v. Moore*, 215 N. C., 449.

The judgment of the court below is
Affirmed.

----

ELSIE V. RATLEDGE v. OTTIS J. REYNOLDS ET AL.

(Filed 27 September, 1939.)

APPEAL by plaintiff from *Alley, J.,* at April Term, 1939, of SURRY.
Civil action in ejectment.

It appears from the record that on 3 January, 1925, L. E. Cockerham and wife conveyed the *locus in quo* to J. W. Brookshire and wife, Alma Brookshire.

Plaintiff and defendant both claim under J. W. Brookshire and wife, Alma Brookshire.

Plaintiff offered in evidence a connected paper chain of title from the common source and rested.