STATE OF NORTH CAROLINA Ex Rel. MRS. KATE DUNN, ADMINISTRATRIX OF THE ESTATE OF LEONARD DUNN, DECEASED, v. L. L. SWANSON, SHERIFF OF VANCE COUNTY, EDWARD ELLIS, JAILER OF VANCE COUNTY, AND NATIONAL SURETY CORPORATION.

(Filed 20 March, 1940.)

**Principal and Surety § 5a: Sheriffs § 6b—**

Under the provisions of C. S., 354, the sheriff and the surety on his official bond are liable for the wrongful death of a prisoner resulting from the negligence of the jailer in locking the prisoner, in a weakened condition, in a cell with a person whom the sheriff and the jailer knew to be violently insane, and who assaulted the prisoner during the night, inflicting the fatal injury.

APPEAL by defendants from *Thompson, J.,* at October Term, 1939, of VANCE. Affirmed.

*D. P. McDuffie, Yarborough & Yarborough, and Allsbrook & Benton for plaintiff, appellee.*

DUNN *v.* SWANSON.

*J. P. & J. H. Zollicoffer for defendant, National Surety Corporation, appellant.*

SEAWELL, J. The plaintiff, Mrs. Kate Dunn, administratrix of the estate of Leonard Dunn, brought this action to recover for the injury and death of her husband, which she alleges was brought about by the negligent acts of the defendants Ellis, jailer, and Swanson, sheriff of Vance County, and for which she claims the National Surety Corporation is liable on the sheriff's bonds.

The plaintiff complains that some time in June, 1939, her intestate was in a weak, sick, and helpless condition; that the defendant Ellis, jailer, acting in his official capacity and under color of his office and for his superior, Swanson, sheriff, received the intestate from certain police officers in the city of Henderson, and while he was in such helpless condition incarcerated him in the common jail of the county and carelessly and negligently cast him into a cell with a violently insane man, one Pusey Thorne, locked the door to the cell, and abandoned him. The plaintiff further sets out that both Ellis and Swanson were aware of the fact that Pusey Thorne was violently insane and was at the time confined to prevent him doing injury to others; that during the night plaintiff's intestate, while in a helpless condition, was violently and murderously assaulted by the said insane person, and terribly beaten from head to foot with a table leg torn from a table which had been left in the cell by Swanson and Ellis; that the intestate lay in his cell "in his own blood, without care or attention, since the time when he was assaulted and beaten," and that in consequence of the assault he died that morning, without having recovered consciousness.

The plaintiff further sets up that the defendant National Surety Corporation was a surety on the bond of the sheriff and, therefore, with the sheriff, is liable on the said surety bond to answer in damages for the injury or death of intestate.

To this complaint the defendants demurred. The demurrer was overruled and defendants appealed. The defendant National Surety Corporation is prosecuting its appeal in this Court.

This case is controlled by C. S., 354; *Warren v. Boyd,* 120 N. C., 57, 26 S. E., 700; *Kivett v. Young,* 106 N. C., 567, 10 S. E., 1019; and *Price v. Honeycutt,* 216 N. C., 270, 4 S. E. (2d), 611.

It is true that there is a factual difference between the case at bar and *Price v. Honeycutt, supra.* In the latter case the conduct for which the sheriff was called to account was a willful assault; in the case at bar the conduct of the jailer, imputed to the sheriff, is charged to be merely negligent. But the difference is not fruitful in raising a distinction in legal effect. The statute as interpreted by the decisions, *Kivett v. Young,*

*supra; Warren v. Boyd, supra,* covers negligence by the officer as well as willful acts. *Kivett v. Young, supra,* applied the statute in the case of negligence, and the statute itself, in so many words, provides for the prosecution of a cause of action based on negligence. *Daniel v. Grizzard,* 117 N. C., 106, 23 S. E., 93.

In *Davis v. Moore,* 215 N. C., 449, 2 S. E. (2d), 366, the Court merely followed the more recent precedent of *Sutton v. Williams,* 199 N. C., 546, 155 S. E., 160, which case itself was based upon earlier authorities decided before C. S., 354, as amended, became a law (1883). A re-examination of the authorities convinced the Court that while the result reached in *Sutton v. Williams, supra,* was correct—since in that case there was no reasonable connection between the injury sustained by the plaintiff and the misconduct attributed to the sheriff—the Court was not justified in ignoring the plain terms of the statute as it had been correctly interpreted and applied in *Kivett v. Young, supra,* and other cases decided after its passage, all, of course, subsequent to *Crumpler v. Governor,* 12 N. C., 52, and other decisions of a similar nature rendered prior to the statute. It is only fair to say that in *Davis v. Moore, supra,* neither the correcting statute nor the cases interpreting it were called to the attention of the Court.

The courts have frequently acted upon the principle that a public statute relating to the subject must be considered as in contemplation of the parties in making a contract, and when it relates to the liability of the parties to the public it becomes an enforceable part of the contract made for their benefit. See cases cited in *Price v. Honeycutt, supra.*

Under this law, conduct for which the defendants might otherwise have been only personally liable would render both them and their surety liable on the official bond. Only by color of his office could the jailer or sheriff have imprisoned the intestate in the county jail and in the cell where he received the injury resulting in his death.

The judgment overruling the demurrer is
Affirmed.