A. C. JORDAN ET UX v. J. H. HARRIS ET AL.

(Filed 17 December, 1945.)

**1. Intoxicating Liquors § 3: Public Officers §§ 1, 2—**

By G. S., 18-45, authority is vested in the A.B.C. Boards of the respective counties to appoint one or more law enforcement officers with "the same powers and authorities in their respective counties as other peace officers." Subsection O.

**2. Public Officers §§ 4, 8: Principal and Surety § 5a—**

Peace officers are required to give bond for the faithful discharge of their duties. G. S., 128-9. The law provides that such officers, and the sureties on their official bonds, shall be liable to the persons injured for torts committed *colore officii.*

**3. Public Officers § 8—**

The naming of the Durham A.B.C. Board as obligee in a bond of its law enforcement officers, rather than the State, works no limitation of its

character as an official bond and affords no escape from its obligation as such.

APPEAL by defendants, George T. Featherstone and American Bonding Company, from *Jeff D. Johnson, Jr., Special Judge,* at June Term, 1945, of DURHAM.

Civil action to recover of Durham County Alcoholic Beverage Control Board; George T. Featherstone, its chief enforcement officer, and surety on his bond, damages for negligently allowing fire at a captured still to spread over plaintiffs' timber lands.

On the night of 12 December, 1943, a distillery which was being operated on plaintiffs' land, without his knowledge or consent, was raided by the Durham County A.B.C. Board enforcement squad, led by George T. Featherstone, the chief enforcement officer. After making an unsuccessful attempt to arrest the operators, who made good their escape, the officers undertook to destroy the still. The boxes and barrels used in connection with the still and about 35 gallons of whiskey were thrown on the fire, which added to its intensity. It is alleged that through the negligence of the defendants, the fire was allowed to spread to plaintiffs' woods, and they bring this action to recover for the destruction of their timber.

When George T. Featherstone was appointed Chief Enforcement Officer, he gave bond in the sum of $1,000 to the Durham County Alcoholic Beverage Control Board, with the American Bonding Company as surety and conditioned as follows:

"The Condition of the Aforegoing Obligation Is Such, That Whereas, the Principal was elected or appointed Chief Enforcement Officer: Now, Therefore, if the Principal shall during the term of one year beginning on the 15th day of December, 1942, well and faithfully perform all and singly the duties incumbent upon him by reason of his election or appointment as aforesaid, and honestly account for all moneys coming into his hands as such officer, according to law, except as hereinafter limited, during said term, then this obligation shall be null and void, otherwise of full force and virtue."

At the close of the evidence, judgments of nonsuit were entered in favor of the defendants, with the exception of George T. Featherstone and his bondsman.

The jury returned the following verdict:

"1. Was the plaintiffs' land burned over and damaged by the negligence of the defendant, George T. Featherstone, acting by virtue or under color of his office as Chief Enforcement Officer of the Durham County Alcoholic Beverage Control Board? Answer: Yes.

STATE v. PARSONS.

"2. What damages, if any, are the plaintiffs entitled to recover? Answer: $512.00."

From judgment on the verdict, the defendants appeal, assigning errors.

*R. M. Gantt for plaintiffs, appellees.*
*Fuller, Reade, Umstead & Fuller for defendants, appellants.*

STACY, C. J. By the terms of G. S., 18-45, authority is vested in the A.B.C. Boards of the respective counties to appoint one or more law enforcement officers with "the same powers and authorities within their respective counties as other peace officers." Subsection (O). Peace officers are required to give bond for the faithful discharge of their duties. G. S., 128-9; *S. v. Swanson,* 223 N. C., 442, 27 S. E. (2d), 122. The law provides that such officers, and the sureties on their official bonds, shall be liable to the persons injured for torts committed *colore officii. Dunn v. Swanson,* 217 N. C., 279, 7 S. E. (2d), 563; *Price v. Honeycutt,* 216 N. C., 270, 4 S. E. (2d), 611; *Warren v. Boyd,* 120 N. C., 56, 26 S. E., 700; *Kivett v. Young,* 106 N. C., 567, 10 S. E., 1019; G. S., 109-1; 109-34.

The case was tried under the principles announced in *Dunn v. Swanson, supra,* and *Price v. Honeycutt, supra.* In this, there was no error. The decisions in *Davis v. Moore,* 215 N. C., 449, 2 S. E. (2d), 366, and *Midgett v. Nelson,* 214 N. C., 396, 199 S. E., 393, are inapposite to the facts of the present record.

The naming of the Durham County A.B.C. Board as obligee in the bond, rather than the State, works no limitation of its character as an official bond and affords no escape from its obligations as such. G. S., 109-1. See *Hunter v. Retirement System,* 224 N. C., 359, 30 S. E. (2d), 384.

The verdict and judgment will be upheld.

No error.