This suit was commenced in 1842, and, according to the decisions of this Court theretofore made, the plaintiff could not have maintained his action. In carrying out the will of the Legislature, as expressed in their acts passed at various times, a series of decisions had been made by the courts, the effects of which were to deprive those who put business into the hands of public officers, or of those who assumed to act as such, of a large portion of the protection they ought to receive. From year to year, as these evils were brought to their notice, remedies were applied by the Legislature, until, at the Session of 1844-5, an act passed which, it was hoped, had remedied and provided for every mischief and defect which had previously been found to exist. That act provides "that all persons who shall be admitted by the county court and sworn into the office of sheriff, coroner, or constable, shall be held and deemed to be rightfully in office until ousted by due course of law; and that all bonds which have been, or may hereafter be, taken by any court of pleas and quarter sessions, upon admission of any person into either of the said offices, shall be held and deemed to be valid and effectual to all intents and purposes, notwithstanding any defect, insufficiency, or irregularity in the election, appointment, or admission of such person, or in any of the proceedings of the court in relation thereto." In Jordan v. Pool, 27 N.C. 105, the action had been commenced prior to 1843, and it was a point of (361) the defense that the act of 1844 could not apply to it, so as to alter or change the principles upon which it was to be determined. There, as here, the records of the county court did not show *Page 253 
that a majority of the justices were present when the bond on which the action was brought was accepted. But the Court was of opinion that although this was a fatal objection at the time the action was instituted and the pleas were entered, yet that it was perfectly competent to the Legislature to ratify the delivery, previously made to a third person, of the bond, as it was payable to the State; and that it had done so by the act of 1844-5. In other words, that the latter act embraced as well bonds made before its passage as those made afterwards. This decision disposes of the first objection made by the defendant.
Another objection has been taken, which is equally untenable. The act regulating the election of sheriff requires him, before he enters on the discharge of his official duties, "to enter into bond with two or more good and sufficient sureties in the penalty of $10,000," etc. Rev. Stat., ch. 119, sec. 13. In the present case the penalty of the bond is $4,000. Before the act of 1844-5, this would have been a fatal objection to it as an official bond. The error, however, is cured by the second clause in the act referred to. The language is, "and that bonds which have been or may be taken, etc., upon admission of any person into either of the offices shall be held and deemed valid and effectual to all intents and purposes, notwithstanding any defect, insufficiency, or irregularity, etc., or in any other proceedings of the court in relation thereto." This bond was taken by the court on the admission of the defendant Jones into the office of sheriff.
These are the only objections which were taken to the plaintiff's recovery in the court below, and the only ones which have been or could be considered here.
We perceive no error in the opinion of the judge who tried (362) the cause, and the judgment must be
PER CURIAM. Affirmed.
Cited: Comrs. v. Magnin, 86 N.C. 289.