### J. B. WEBB v. J. H. LeROY ET ALS.

(Filed 17 February, 1915.)

**1. Pleadings—Principal and Agent—Deputy—Acts of Agent—Demurrer.**

Where the complaint alleges that the defendant is the fish commissioner of the State and that his deputy, attended with persons to assist him, removed the plaintiff's fishing nets and deprived him of his property, etc., erroneously believing the nets were setting west of a certain line, in violation of law, a demurrer is bad which attempts to raise the question of liability of the fish commissioner for the acts of his deputy, it being a fair inference that the deputy was acting under his orders and instructions.

**2. Pleadings—Principal and Agent—Deputy—Acts of Agent—Charge Against Principal.**

Allegations in an action against the State Fish Commissioner for damages, that the action of his deputy was wrongful in seizing the plaintiff's fish nets, etc., and that the commissioner wrongfully converted them to his own use, are direct charges of a personal responsibility of the commissioner himself, for the wrongs alleged.

APPEAL by plaintiff from *Carter, J.,* at Fall Term, 1914, of CHOWAN. Civil action, heard upon complaint and demurrer. The court sustained the demurrer, and the plaintiff appealed.

*Pruden & Pruden and S. Brown Shepherd for plaintiff.*
*W. S. Privatt and Ward & Thompson for defendant.*

BROWN, J. The motion of the plaintiff made in this Court to amend the summons and complaint so that the suit may be brought in the name of the State upon the relation of the plaintiff, as well as by the plaintiff individually, is allowed. The complaint alleges that the defendant LeRoy is fish commissioner for the State of North Carolina and executed the bond sued on in the sum of $5,000, with the defendant United States Fidelity and Guaranty Company as surety; that on 23 March, 1913, the plaintiff was the owner of thirteen shad nets which were set to the east of a certain line in Albemarle sound in all respects in conformity to the laws of the State; that on or about 23 March, 1913, the defendant

LeRoy, by his deputy, Thomas P. Leary, attended by persons to assist him, took up the said nets and removed them from the place where they were setting, and deprived the plaintiff of his property, right and use in the same; that said deputy did this believing the said nets were setting west of said line in violation of the law."

The point attempted to be raised by the demurrer is the liability of the fish commissioner for the act of his deputy. We do not think, in view of the allegations of this complaint, which upon demurrer must be taken to be true, the point can be thus raised.

The complaint further alleges "that the action of the defendants and all of them in and respect to the said nets set out in the last preceding section was wrongful and unlawful, and the said defendant LeRoy, commissioner, by seizing and selling the said nets, purporting to act under the law, wrongfully converted the same to his own use."

By these allegations the plaintiff charges the direct personal responsibility of the defendant LeRoy in seizing and selling the nets and converting the same to his own use. It is further a fair inference from the entire complaint that the deputy was acting under the orders and instructions of the commissioner.

For these reasons we think his Honor erred in sustaining the demurrer and dismissing the action.

Reversed.