WILLIAM J. TYRELL, RESPONDENT, v. JAMES V. BURKE, BERT A. WATERS, WILLIAM P. HANSON, FRANK J. CODY AND JAMES R. BROEMEL, INDIVIDUALLY AND JOINTLY, APPELLANTS.

Submitted October 28, 1932—Decided January 31, 1933.

For the appellants, *Philip F. Sauer* (*Merritt Lane,* of counsel).

For the respondent, *James M. Burke* and *Edward E. Reilly* (*Aaron V. Dawes,* of counsel).

The opinion of the court was delivered by

LLOYD, J.  The basis of the appeal rests on the fundamental proposition that "the members of a public board, acting in the performance of a public duty, and under a public statute, are not personally liable in a civil action for damages arising out of their acts, provided that what they do is done in good faith." That such is the law of this state, regardless of what it may be in other jurisdictions, is clear from the cases of *Valentine* v. *Englewood,* 76 *N. J. L.* 509, in this court, and *Johnson* v. *Marsh,* 82 *Id.* 4, in the Supreme Court.

The first question presented is whether there be neglect of a public duty, and the second, whether if there was such neglect, it was accompanied by bad faith toward the plaintiff.

There can be no doubt that under the eighth section of the act creating the board, chapter 156 of the laws of 1927, page 299, it was its duty to issue a license to such applicant as should upon examination satisfy the board of his necessary efficiency and qualifications in accordance with the terms of the act and the rules of the board to transact the business of embalming or that of a funeral director. To obtain a license for the former examinations in writing are required to be held by the board and to embrace the subjects of embalming, sanitation, disinfecting, the signs of death, the manner in which death may be determined, and any other subject which the board might determine by rule to be necessary or proper to prove such efficiency. To obtain a license for the latter the examinations are upon like subjects excepting embalming, and should include in addition the preparation, burial and disposal of dead human bodies and the shipment of bodies where death from infectious and contagious disease has occurred.

The evidence disclosed that Tyrell applied for an embalming license (and probably also for license as a funeral director, but this is not clear) and took the examination on August 3d, 1927; that a month later he was informed by the secretary of the board that he had passed the embalmers examination, but "did not make the license as funeral director," and it was intimated to him that the two went together. The license was not issued but he was told later that he had the secretary's letter and could carry on his business under that. The matter rested in this situation until the plaintiff interested certain public officials in his behalf and the license was formally issued.

Various reasons in addition to the above seem to have been given by individual members of the board why the license had not been issued, one to the effect that the board, hearing applications semi-annually, issued the license at the next public meeting following the examination; another that the

board, being new in its functioning, had not yet gotten down to a systematic basis, and still another that it was considered essential that both examinations should be passed before the license for either be granted.

While this and other proofs offered by the plaintiff exhibit considerable ignorance of their duties by members of the board, and perhaps also negligence in their performance, we find nothing from which it could be inferred that what occurred exhibits malice or bad faith toward the plaintiff. Without the latter the law affords no redress in the form of damages by action against the members. It does afford redress by *mandamus* to the board as a body to compel the performance of a public duty.

It may be remarked incidentally that while the action is against individuals for failure to issue the license applied for, it does not appear that the authority to issue rested with any particular member as such, but the statute contemplates that it shall be an act of the board itself, for it directs that all licenses shall be under the seal of the board and signed by the president or such person or persons as may be designated by the board for the purpose, and it is doubtful whether also for this reason any case on the facts was made out against the individual members, but it is not necessary to pass on this phase as our determination rests upon the broad statement of the legal rule set forth above, and under which in the state of the proofs presented, no right of action for damages accrued.

The judgment is reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, BROGAN, HEHER, KAYS, HETFIELD, WELLS, KERNEY, JJ. 13.