## W. J. MIDGETT v. JOHN A. NELSON ET AL.

### (Filed 9 November, 1938.)

**1. Principal and Surety § 4: Indemnity § 2d—Liabilities of obligors on official bonds and indemnity contracts is not enlarged by C. S., 324.**

The scope of the liability on an official bond or indemnity agreement is limited by the terms of the agreement executed, there being no provision of law incorporating therein statutory provisions relating to the bond of such official, the effect of C. S., 324, being to maintain the validity of the instrument as far as it goes, notwithstanding the penalty or condition may vary from those prescribed by law, and notwithstanding certain defects and irregularities in conferring the office and accepting the instrument.

**2. Indemnity § 2d—Indemnity contract of Assistant Fisheries Commissioner held not to cover liability for tort committed by him colore officii.**

Judgment was entered against an Assistant Fisheries Commissioner for false imprisonment committed under color of his office. Defendant surety had executed an indemnity contract covering the official, in which it agreed to indemnify the State against loss of money or other personal property through failure of the persons named to faithfully discharge the duties of their respective offices. The bond was neither in the amount nor "conditioned" as required by C. S., 1870. *Held:* The language of the agreement does not cover plaintiff's claim of damages for false imprisonment committed by the official under color of his office, and defendant surety is not liable thereunder to plaintiff.

**3. Principal and Surety § 1: Indemnity § 1—**

An agreement executed by a surety to the State, which is not executed by the official therein covered, agreeing to indemnify the State for loss of money or property through failure of the official to faithfully discharge his duties, is an indemnity agreement and not a bond.

APPEAL by defendant, The Great American Indemnity Company, from *Thompson, J.,* at March Term, 1938, of CURRITUCK.

Civil action to recover of Thomas Basnight, Assistant Fisheries Commissioner, and surety on his bond, damages for false imprisonment committed under color of his office.

The case was tried at the March Term, 1937, Currituck Superior Court, and resulted in verdict and judgment for the plaintiff. Damages in the sum of $1,500 were awarded against the Assistant Fisheries Commissioner, and judgment for $1,000, the full amount of the bond, was entered against his surety. The surety alone appealed. A new trial was awarded the surety for error in the admission of evidence, 212 N. C., 41. The case was again tried at the March Term, 1938, Currituck Superior Court, and resulted in the same judgment as originally entered.

The surety again appeals, contending that the terms of the bond are not such as to warrant a recovery against it by the plaintiff.

*D. L. Russell and George J. Spence for plaintiff, appellee.*
*J. Henry LeRoy for defendant Indemnity Company, appellant.*

STACY, C. J.   The question presently presented is whether the instrument in suit covers liability for torts committed by the Assistant Fisheries Commissioner *colore officii. Warren v. Boyd,* 120 N. C., 56, 26 S. E., 700.  This question was specifically left open on the former appeal, as the name of the Assistant Commissioner did not then appear in the schedule of the agreement.  212 N. C., 41.  The record now discloses that his name does appear therein, and that the amount of the coverage of the bond at the time of plaintiff's injury was $1,000.

By the terms of the bond in suit it is stipulated that The Great American Indemnity Company "does hereby agree to indemnify the State of North Carolina . . . against the loss of money or other personal property through the failure of any of the persons . . . named in the schedule forming a part of this bond . . . faithfully to discharge the duties of their respective offices or employments as described in such schedule, and honestly to account for all money or other personal property that may come into their respective hands by virtue of said offices or employments," etc.

It will be observed that the surety agrees "to indemnify the State of North Carolina . . . against the loss of money or other personal property," and that the bond is not "conditioned" as required by C. S., 1870, "for the faithful performance" of the duties of Assistant Fisheries Commissioner and to account for all moneys received by him in his office.  *Brick Co. v. Gentry,* 191 N. C., 636, 132 S. E., 800.  Nor is the coverage as much as $2,500, the amount required by the statute. This, however, may be only an irregularity.  *S. v. Jones,* 29 N. C., 359. Nevertheless, it is clear that the contract of indemnity, if regarded as an official bond, is so only in a limited sense, and there is no provision of law incorporating the terms of the statute into the contract.  *Comrs. v. Magnin,* 86 N. C., 286; *S. v. Jones, supra.*

We do not ascribe to C. S., 324, the effect of introducing into an official bond provisions which are not, but ought to have been inserted in the condition, so as to extend the liabilities of the obligors; but the purpose is to cure certain defects and irregularities in conferring the office and accepting the instrument, and to maintain its validity as an official undertaking, as far as it goes, notwithstanding the penalty or condition may vary from those prescribed by law.  *Comrs. v. Magnin, supra.*

The question then arises whether the instrument contains language broad enough to cover the plaintiff's claim. The conclusion is inescapable that it does not. The surety agrees to indemnify the State against loss of money or other personal property, and no more. *Washington v. Trust Co.,* 205 N. C., 382, 171 S. E., 438. The contract is not executed by the Assistant Fisheries Commissioner; nor is it in the form of a bond payable to the State. It is an indemnity agreement between the surety and the State. 14 R. C. L., 44; 31 C. J., 419.

Whether other remedies may be open to the plaintiff is not before us for decision. *Webb v. LeRoy,* 168 N. C., 236, 84 S. E., 257.

Reversed.