STATE EX REL. LATHERS, Respondent, vs. SMITH, State Treasurer, Appellant.

*February 10—March 9, 1943.*

*Herbert C. Hirschboeck* of Milwaukee, for the appellant.

For the respondent there was a brief by *Sanborn, Blake & Aberg* of Madison, and oral argument by *Wm. J. P. Aberg.*

BARLOW, J. This is an appeal by John M. Smith, treasurer of the state of Wisconsin, and individually as judgment debtor, from a final judgment dated August 22, 1942, in favor of the respondent, William Lathers, Jr., and against the defendant John M. Smith individually, for $343.98 damages, $100 costs, and $19.44 disbursements, a total of $463.42.

William Lathers, Jr., applied for a writ of *mandamus* to compel John M. Smith, treasurer of the state of Wisconsin, to honor and pay a state highway commission order for an estimated $16,600 on plaintiff's contract with the state for grading on State Trunk Highway 30. An interlocutory judgment granting peremptory writ of *mandamus* was entered. Appeal was taken to this court, and on June 25, 1941, the judgment was affirmed. *State ex rel. Lathers v. Smith,* 238 Wis. 291, 299 N. W. 43. Pursuant to such judgment, damages and costs were allowed as hereinbefore set forth, and it is from this judgment that the present appeal is before the court.

John M. Smith, as state treasurer, is a constitutional officer, elected by the electors of this state. Among other duties, sec. 14.42 (4), Stats., provides as follows:

"(4) *Pay on warrants sums authorized by law.* Pay out of the treasury, on demand, upon the warrants of the secretary of state and not otherwise such sums only as are authorized by law to be so paid, if there be appropriate funds therein to pay the same, and, when any sum is required to be paid out of a particular fund, pay it out of such fund only; and upon each such warrant, when payment is made in currency, take the receipt, indorsed on or annexed thereto, of the payee therein named or his authorized agent or assignee."

In his return to the alternative writ, appellant set forth several reasons why he believed the payment of the order in question was not authorized by law. These questions were determined in the original appeal, holding in substance that under the provisions of secs. 84.06 (4) and 20.49 (10), Stats., a payment for highway improvements shall be made only on the order of the commission, from which order the secretary of state shall draw his warrant upon the general fund of the state in favor of the payee and charge the same to the proper appropriation, and that the honoring of the order in question by the state treasurer was a ministerial act, unless there was fraud or gross error, which the court held was not properly placed in issue in this case.

Counsel for appellant contends that there is no personal liability on the part of appellant, relying on *State ex rel. Bautz v. Harper,* 166 Wis. 303, 313, 165 N. W. 281, construing sec. 293.04, Stats. The court at that time fully reviewed sec. 3453, which was later renumbered sec. 293.04. Special reference is made to the following language in the statute: "Shall recover damages and costs in like manner as he might have done in such action for a false return." In construing this particular language the court said:

"The terms of the statute do not create an absolute liability of the respondent for damages in the event a verdict shall be found for relator or if judgment be given him upon demurrer or default. His liability must be determined upon the facts and circumstances of the case for failure to perform the duty enjoined upon him in the light of the nature and quality of his duty and the nature of the rights of the relator here involved, which it is claimed have been breached."

Acts of legislative or *quasi*-judicial nature by a public official are distinguished from ministerial acts. The court held that where the duty imposed was clearly of a *quasi*-judicial nature, "officials acting in an honest exercise of their judgment in the discharge of such duties are not liable in damages

to private persons for their mistakes and errors." Citing *Lowe v. Conroy,* 120 Wis. 151, 97 N. W. 942. Since that time, sec. 293.04, Stats., has been rewritten. The language relied upon in *State ex rel. Bautz v. Harper, supra,* has been deleted. The present statute follows:

"If judgment be for the plaintiff, he shall recover his damages and costs."

There is no question about this section being the result of a revisor's bill, ch. 483, Laws of 1935. Sec. 370.01 (49), Stats., makes provision for the construction of revised statutes. The language of the present statute is plain and unambiguous. There must have been some reason for the revision. There is no question in this case about the good faith of the appellant. He desired to protect himself from liability for the payment of funds from the state treasury which he claimed were not authorized by law. As a public officer, this was his sworn duty.

In order to avoid what appellant claims is an injustice to him, we are asked to construe sec. 293.04, Stats., as it existed prior to the revisor's bill. This we cannot do. However this court may feel about the merits of the controversy involved in this particular appeal, we can only decide matters in accordance with the law as it is written. If the legislature did not intend to create this condition, it alone can correct it.

This case is governed by the decision in the former appeal. The act of the appellant was determined not to be *quasi*-judicial in character, and although he was honest in his action, it was not within the scope of his authority. Under sec. 293.04, Stats., he is liable for damages and costs. *State ex rel. Runge v. Anderson,* 100 Wis. 523, 76 N. W. 482; *State ex rel. Risch v. Trustees,* 121 Wis. 44, 98 N. W. 954; *State ex rel. Wunderlich v. Kalkofen,* 134 Wis. 74, 113 N. W. 1091.

*By the Court.*—Judgment affirmed.