DAVID LANGLEY v. WILLIAM A. PATRICK, NATIONAL SURETY CORPO-
RATION, GEORGE TAYLOR, CHAIRMAN, AND TOMMIE SPARROW AND
J. L. LANCASTER, MEMBERS, COMPRISING THE BEAUFORT COUNTY
ALCOHOLIC BEVERAGE CONTROL BOARD.

(Filed 23 September, 1953.)

**Principal and Surety § 5a—**

A bond executed to a county alcoholic beverage control board indemnify-
ing insured against loss of money or personal property and covering the
employees of the board, but not executed by any of such employees, cannot
render the surety liable to a third person for a tort committed by an
employee of the board in the discharge of his duties, and since the bond
does not purport to be in any sense a peace officer's performance bond,
G.S. 128-9, the provisions of that statute may not be incorporated into the
contract under the doctrine of aider by statute.

APPEAL by plaintiff from *Bone, J.,* May Term, 1953, of BEAUFORT.

Civil action to recover of Beaufort County Alcoholic Beverage Control
Board, William A. Patrick, one of its enforcement officers, and National
Surety Corporation damages for an alleged assault and battery upon the
plaintiff.

The plaintiff's evidence discloses that on the night of 15 June, 1951, he
was walking along a woods path near his home in Pitt County looking for
his cow, when suddenly someone near the path hollered at him, "Halt,
Claude." The plaintiff, being startled, broke and ran. He was pursued
by the defendant Patrick who shouted again, "Halt, Claude," and at that
time shot the plaintiff in the leg, and again in the hip after he had fallen.
The plaintiff further testified: "Mr. Patrick then jumped astraddle of
me . . . and said, 'What in the Hell you doing out here, Claude?' I
replied, 'This ain't Claude.' Then he wanted to know who I was and
where I lived."

The defendant Patrick was employed by the Beaufort County ABC
Board as an enforcement officer and had been sent to Pitt County by his
superiors, as permitted by G.S. 18-45 (o), to assist the officers of that
county in raiding an illicit liquor still.

Under date of 20 July, 1940, the defendant National Surety Corpora-
tion issued a blanket indemnity contract covering the employees of the
Beaufort County ABC Board. To this contract a rider was attached
covering William A. Patrick for an annual period including 15 June,
1951, in the principal sum as to Patrick of $1,250, in consideration of
the payment of an annual premium of $5.

The pertinent provisions of the contract are:

"INDEMNITY SECTION—ACTS COVERED: . . . NATIONAL SURETY COR-
PORATION, hereinafter called the Underwriter, in consideration of an

annual premium, hereby agrees to indemnify BEAUFORT COUNTY ALCO-
HOLIC BEVERAGE CONTROL BOARD of Washington, N. C., hereinafter
called the Insured, to the extent and upon the terms and conditions speci-
fied by this bond, against any loss of money or other personal property,
belonging to the Insured or for which the Insured is legally liable, caused
by larceny, embezzlement, forgery, misappropriation, wrongful abstrac-
tion or wilful misapplication or any other fraudulent or dishonest act or
acts committed by any of the Insured's employees while covered under
this bond."

At the close of the plaintiff's evidence, judgment of involuntary nonsuit
was entered in favor of all defendants except William A. Patrick.  Ex-
ception by plaintiff.  The jury returned a verdict in favor of the plaintiff
and against the defendant Patrick in the sum of $2,000, and judgment
was entered thereon.  The record discloses that execution on this judgment
has been returned unsatisfied.

From the judgment as of nonsuit entered at the close of the plaintiff's
evidence, he appeals.

*LeRoy Scott and John A. Wilkinson for plaintiff, appellant.*
*Rodman & Rodman for American Surety Corporation, appellee.*

JOHNSON, J.  The plaintiff concedes in this Court that the judgment
as of nonsuit was properly entered as to the Beaufort County ABC
Board.  He insists, however, that the trial court erred in dismissing the
case as to the defendant National Surety Corporation.

Thus, the appeal presents this single question: Does the indemnity
contract in suit cover liability for the alleged assault and battery com-
mitted by enforcement officer Patrick?  The record impels a negative
answer.

By the terms of the contract the Surety Corporation agrees "to indem-
nify Beaufort County Alcoholic Beverage Control Board . . . against
any loss of money or other personal property, belonging to the Insured
or for which the Insured is legally liable, caused by larceny, embezzle-
ment, . . . .or any other fraudulent or dishonest act or acts" of the
defendant Patrick.

The contract is not conditioned "for the faithful performance" of the
duties of enforcement officer Patrick as a peace officer as required by
G.S. 128-9.  In fact, the instrument is not executed by Patrick or any
of the covered employees of the Board.  At most the contract is one of
indemnity, in the nature of a fidelity bond, and in no sense does it purport
to be a peace officer's performance bond as required by G.S. 128-9.  Ac-
cordingly, the terms of that statute, requiring peace officers to give bond
for the faithful performance of their duties as such, may not be treated

as being incorporated in the instant contract on the theory that the statute was within the contemplation of the parties and that they intended to include the conditions thereof in the contract. The doctrine of aider by statute, recognized in *Dunn v. Swanson,* 217 N.C. 279, 7 S.E. 2d 563, and *Price v. Honeycutt,* 216 N.C. 270, 4 S.E. 2d 611, does not cover the factual situation here presented. See also 43 Am. Jur., Public Officers, Sec. 406; Annotation 109 A.L.R. 501. The cases from other jurisdictions relied on by the appellant, including *Holland v. American Surety Company,* 149 Fla. 285, 6 So. 2d 280, 140 A.L.R. 1451, are factually distinguishable, and are not considered as controlling here.

The judgment as of nonsuit below is sustained under authority of *Midgett v. Nelson,* 214 N.C. 396, 199 S.E. 393, and cases there cited. See also 67 C.J.S., Officers, Sec. 161; *Salisbury v. Lyerly,* 208 N.C. 386, 180 S.E. 701. *Cf. Jordan v. Harris,* 225 N.C. 763, 36 S.E. 2d 270.

On this record, we are not concerned with other remedies available to the plaintiff. See G.S. 128-9.

Affirmed.