DAVID LANGLEY v. GEORGE TAYLOR, CHAIRMAN, AND TOMMIE SPARROW AND J. L. LANCASTER, MEMBERS COMPRISING THE BEAUFORT COUNTY A. B. C. BOARD ON JUNE 15, 1956.

(Filed 21 November, 1956.)

**1. Public Officers § 8—**

Even if it be conceded that the duty rests upon members of a county alcoholic beverage control board to require a person employed by the board as an enforcement officer to give bond, G.S. 128-9, the individual members of the board cannot be held liable to a person assaulted by such enforcement officer for failure to require him to give the bond, since the duty to require bond is purely ministerial and a public officer is not individually liable for negligent breach of a ministerial duty which is of a public nature unless the statute creating the office or imposing the duty makes provision for such liability. "Ministerial" defined.

**2. Same—**

In the absence of statute expressly imposing such liability, a public officer cannot be held liable for the neglect of duty of the governmental body of which he is a member if he acts in good faith.

JOHNSON, J., not sitting.

RODMAN, J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Grady, E. J.,* at February Term 1956, Civil Term of BEAUFORT.

Civil action to recover damages for the alleged negligent failure of the defendants to require William A. Patrick, an ABC enforcement officer, to give bond as prescribed by G.S. 128-9.

Plaintiff herein instituted an action in 1952 against William A. Patrick, National Surety Corporation, George Taylor, Chairman, and Tommie Sparrow and J. L. Lancaster, members comprising the Beaufort County Alcoholic Beverage Control Board to recover damages for an alleged assault and battery upon him by defendant Patrick, who was employed by the Beaufort County Board as an enforcement officer, and had been sent to Pitt County by his superiors, as permitted by G.S. 18-45(o) to assist officers of that county in raiding an illicit liquor still. This case was disposed of upon plaintiff's appeal at the Fall Term 1953 of this Court. See *Langley v. Patrick,* 238 N.C. 250, 77 S.E. 2d 656. There in Superior Court at the close of plaintiff's evidence, judgment of involuntary nonsuit was entered in favor of all defendants except William A. Patrick. And as to Patrick the jury returned a verdict in favor of plaintiff in sum of $2,000, in accordance with which judgment was entered.

In the opinion filed it is recited that "the plaintiff concedes in this Court that the judgment as of nonsuit was properly entered as to the Beaufort County ABC Board." Indeed, reference to brief of plaintiff, appellant there, last paragraph, it appears that the individual members of the Board were included in the concession as to the correctness of the ruling of the trial court. However, plaintiff insisted there that the Court erred in dismissing the case as to the defendant National Surety Corporation. This Court held that the bond in suit there is not conditioned "for the faithful performance" of the duties of enforcement officer Patrick as a peace officer as required by G.S. 128-9,—that at most it is a contract of indemnity.

Thereafter the present action, captioned as hereinabove set forth, was instituted by plaintiff on 9 October, 1953, on the theory that the individual members of the Alcoholic Beverage Control Board of Beaufort County were negligent in failing to require William A. Patrick to give bond as prescribed by G.S. 128-9 as proximate result of which plaintiff has sustained loss.

Upon the trial in Superior Court, when plaintiff had rested his case, motion of defendants for judgment as of nonsuit was allowed, and from judgment entered in accordance therewith, plaintiff appeals to Supreme Court and assigns error.

*John A. Wilkinson and LeRoy Scott for Plaintiff Appellant.*
*Rodman & Rodman for Defendant Appellees.*

WINBORNE, C. J.    In the light of the concessions made by plaintiff on the former appeal, 238 N.C. 250, 77 S.E. 2d 656, it would seem that if the present action be considered an action against the Alcoholic Beverage Control Board of Beaufort County it may not be maintained by plaintiff; and if it be considered an action against the individuals comprising the Board, it may not be maintained.

Be that as it may, the principle applied in case of *Town of Old Fort v. Harmon,* 219 N.C. 241, 13 S.E. 2d 423, clearly indicates that there is no civil liability on the part of the individual members of the Alcoholic Beverage Control Board of Beaufort County, for failing to require William A. Patrick to give a bond as prescribed in G.S. 128-9, even if it be conceded that such duty rested upon them.

In the *Old Fort case* the action was against Harmon and the individual members of the Board of Aldermen of the Town.   He, Harmon, had been appointed waterworks superintendent and tax collector.   And it was alleged, *inter alia,* that the individuals constituting the Board of Aldermen were negligent in not requiring him to be bonded as provided by statute and the charter of the plaintiff.   It is there declared that it is a recognized principle in this State that "in case of duties plainly ministerial in character the individual liability of public officer for negligent breach thereof does not attach where the duties are of a public nature, imposed entirely for public benefit, unless the statute creating the office or imposing the duties makes provision for such liability," citing *Hudson v. McArthur,* 152 N.C. 445, 67 S.E. 995; *Hipp v. Ferrall,* 173 N.C. 167, 91 S.E. 831.

In this connection the Alcoholic Beverage Control Act of 1937, Article 3 of Chapter 18 of General Statutes, G.S. 18-41, creates a county board of alcoholic control to consist of a chairman and two other members in each county which may be permitted to engage in the sale of alcoholic beverages.   And in G.S. 18-45(o) it is provided in pertinent part that "the said county boards shall each have the following powers and duties," *inter alia,* "(o) To expend for law enforcement a sum not less than five per cent nor more than ten per cent of the total profits . . . and in the expenditure of said funds shall employ one or more persons to be appointed by and directly responsible to the respective county boards.   The persons so appointed shall, after taking the oath prescribed by law for peace officers, have the same powers and authorities within their respective counties as other peace officers . . . Any law enforcement officer appointed by such county boards and any other peace officer is hereby authorized, upon request of the sheriff or other lawful officer in any other county, to go into such other county and assist in suppressing a violation of the prohibition law therein, and while so acting shall have such powers as a peace officer as are granted

to him in his own county and be entitled to all the protection provided for said officer while acting in his own county."

G.S. 128-9 provides that "the State of North Carolina shall require every peace officer employed by the State, elected or appointed, to give a bond with good surety payable to the State of North Carolina, in a sum not less than one thousand dollars ($1,000.00) and not more than two thousand five hundred dollars ($2,500.00), conditioned as well for the faithful discharge of his or her duty as such peace officer as for his diligently endeavoring to faithfully collect and pay over all sums of money received . . ."

And it is provided in G.S. 109-2 that "every person or officer of whom an official bond is required, who presumes to discharge any duty of his office before executing such bond in the manner prescribed by law, is liable to a forfeiture of five hundred dollars to the use of the State for each attempt so to exercise his duty."

Moreover, the Alcoholic Beverage Control Act of 1937 imposes no express duty upon the county boards of alcoholic beverage control or upon the individuals comprising such boards in respect to the provisions of G.S. 128-9. The provisions of G.S. 109-2 would seem to place the responsibility upon the officer of whom the bond is required. Hence it is contended by appellee, and properly so, that no duty rests upon the individuals comprising the county boards of alcoholic control in respect to requiring law enforcement officers appointed by them to give bonds as required by G.S. 128-9. But if there were such duty, it would be a plain ministerial duty, of a public nature imposed entirely for public benefit, for the neglect of which individual liability of members comprising the county boards would not attach, since the statute creating the office and imposing the duty makes no provision for such liability. *Old Fort v. Harmon, supra.*

Manifestly the individuals comprising the Alcoholic Beverage Control Board of Beaufort County were public officers, and if it be that duty devolved upon them to require Patrick, as law enforcement officer, to give bond as required by G.S. 128-9, the act of so doing was plainly ministerial in character. A ministerial act is "one which a person performs in a prescribed manner in obedience to the mandate of legal authority, without regard to or the exercise of his own judgment upon the propriety of the act being done." Black's Law Dictionary, 3rd Ed. Indeed "a ministerial duty, the performance of which may in proper cases be required of a public officer by judicial proceedings, is one in respect to which nothing is left to discretion; it is a simple, definite duty arising under circumstances admitted or proved to exist and imposed by law." Black's Law Dictionary.

Finally, in the absence of statute expressly imposing such liability, a public officer who is a member of a corporate or governmental body on

which a duty rests cannot be held liable for the neglect of duty of that body if he acts in good faith. 67 C.J.S. 418. And the case on appeal fails to disclose evidence that the individual members of the Alcoholic Beverage Control Board of Beaufort County did not act in good faith. In truth the evidence tends to show that they did act in good faith.

Hence the judgment as of nonsuit will be, and it is

Affirmed.

JOHNSON, J., not sitting.

RODMAN, J., took no part in the consideration or decision of this case.