CORRAO, Appellant, v. MORTIER and others, Respondents.

*May 8—June 2, 1959.*

For the appellant there was a brief by *Wiernick & Zurlo,* attorneys, and *Clinton A. Boone, Jr.,* of counsel, all of Milwaukee, and oral argument by *Mr. Boone.*

For the respondents there was a brief by *Walter J. Mattison,* city attorney, *Ewald L. Moerke, Jr.,* and *Harvey G. Odenbrett,* assistant city attorneys, and oral argument by *Mr. Odenbrett* and *Mr. Moerke.*

CURRIE, J. The question on this appeal is whether the applicant for a permit or license can recover damages in a mandamus proceeding against the mayor and members of a city council who illegally denied such application. There is no contention made that the defendants acted fraudulently or corruptly in refusing to grant the plaintiff's application for a renewal of his taxicab permit. It is apparent from the record before us on the prior appeal that such refusal was the result of a mistaken interpretation by the defendants of the applicable city taxicab-licensing ordinance.

Sec. 293.04, Stats., provides that, if the judgment in a mandamus proceeding be for the plaintiff, "he shall recover his damages and costs." We are satisfied that this statute is procedural and not substantive in character. Without it,

the successful plaintiff in a mandamus proceeding would be obliged to institute a separate action for his damages. The statute does not create a right to damages which were not recoverable by separate action prior to the enactment of the statute.

In *State ex rel. Bautz v. Harper* (1917), 166 Wis. 303, 313, 165 N. W. 281, this court held that sec. 3453, Stats. 1917,[1] now sec. 293.04, as it then read did not create an absolute liability for damages on the part of the defendant in a mandamus proceeding in the event the plaintiff prevailed. However, there is language in the later case of *State ex rel. Lathers v. Smith* (1943), 242 Wis. 512, 515, 8 N. W. (2d) 345, which may be interpreted as holding that the change in wording, which was made in sec. 293.04 as a result of a Revisor's bill enacted by the 1935 legislature, did create an absolute liability for damages if the plaintiff was successful in the mandamus proceeding. We repudiate such interpretation. We are satisfied that the change wrought in sec. 293.04 by the 1935 revision was to eliminate the requirement that the successful plaintiff's right to damages was limited to the situation where a cause of action existed for a false return. For the nature of such common-law action for false return, see 35 Am. Jur., Mandamus, p. 100, sec. 359, and cases cited in footnote 10. The rationale for the result reached in *State ex rel. Lathers v. Smith, supra,* appears in the last paragraph of the opinion wherein it was held that the defendant state treasurer did not act in a quasi-judicial capacity. In other words, the act required of him was purely ministerial in character.

---

[1] Sec. 3453 then read: "In case a verdict shall be found for the person suing out such writ or if judgment be given for him upon demurrer or by default, *he shall recover damages and costs in like manner as he might have done in such action for a false return as aforesaid;* and a peremptory mandamus shall be granted to him without delay." (Italics supplied.)

The plaintiff attempts to bring himself within the rule, that a public officer who knowingly or negligently refuses to do a ministerial act, which the law absolutely requires him to do, may be compelled to respond in damages to one to whom the performance was owing. 43 Am. Jur., Public Officers, p. 90, sec. 278. However, 9 McQuillin, Mun. Corp. (3d ed.), p. 205, sec. 26.98, lays down the principle that the power to grant a permit or license conferred upon a public officer or board imposes a governmental function which does not permit of such officer being held liable in damages because of the granting or refusal of the permit or license applied for.

The case of *Paoli v. Mason* (1945), 325 Ill. App. 197, 59 N. E. (2d) 499, holds that the power to issue a license or permit on the part of a public officer is a quasi-judicial function, and that such an officer is exempt from liability for error or mistake of judgment in the absence of a corrupt or malicious motive. We deem that the power to grant or refuse a permit or license always constitutes the exercise of a quasi-judicial function and that this precludes holding the public officer exercising such power from liability in damages for failure to issue the same in the absence of a corrupt or malicious motive. This is true, even though in a particular situation the officer has no discretion to deny the permit or license, and mandamus will lie to compel its issuance. As this court stated in *State ex rel. Lathers v. Smith, supra,* at page 514, "Acts of legislative or quasi-judicial nature by a public official are distinguished from ministerial acts."

Where an attempt is made to hold liable in damages the entire membership of a governmental board, or, as in the instant case a city council, for failure to issue a permit or license, there is an additional reason for denying recovery. The reason for this is stated in 67 C. J. S., Officers, p. 418, sec. 125, as follows:

"In the absence of statute expressly imposing such liability, a public officer who is a member of a corporate or governmental body on which a duty rests cannot be held liable for the neglect of duty of that body if he acts in good faith. If there is a refusal, neglect, or failure with respect to the exercise of the power or discharge of the duties of such body, it is the default of the body, and not of the individuals composing it."

Cases supporting the afore-quoted rule are: *Strahan v. Fussell* (1951), 218 La. 682, 50 So. (2d) 805; *Tyrell v. Burke* (1933), 110 N. J. L. 225, 164 Atl. 586; and *Langley v. Taylor* (1956), 245 N. C. 59, 95 S. E. (2d) 115.

In *Tyrell v. Burke, supra,* the members of a licensing board wrongfully refused an embalmer's license to the plaintiff who had passed his examination for the same. He sued the members of the board for damages. The court found that such refusal was due to ignorance on the part of the defendant board members of their duties and "perhaps also negligence in their performance," but that they had not been guilty of malice or bad faith. It was also determined that mandamus lay to compel issuance of the license. The court held that the plaintiff could not recover damages and based the same upon the following rule (110 N. J. L. 225, 164 Atl. 587) :

" '. . . the members of a public board, acting in the performance of a public duty, and under a public statute, are not personally liable in a civil action for damages arising out of their acts, provided that what they do is done in good faith.' "

The case of *Gasque v. Conway* (1940), 194 S. C. 15, 8 S. E. (2d) 871, involves a denial to the plaintiff of permit to operate a filling station by the mayor and council members of a municipality. The plaintiff compelled the issuance of the permit by mandamus and then commenced an action against the municipality, and also the mayor and council members

individually, for his damages due to the original refusal to issue the permit. The complaint did not allege that the individual defendants acted corruptly or fraudulently. The South Carolina supreme court held that the trial court properly sustained a demurrer on the part of such individual defendants to the complaint.

*By the Court.*—Judgment affirmed.

MARTIN, C. J., took no part.